IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LORI GAITHER,                                    Civ. No. 05-6244-AA

      Plaintiff,

  v.

STATE OF OREGON DEPARTMENT
OF TRANSPORTATION, an Agency
of the State of Oregon,                          OPINION AND ORDER

      Defendant.
_____

Kevin T. Lafky
Larry L. Linder
Lafky & Lafky
429 Court Street NE
Salem, Oregon 97301
    Attorneys for plaintiff

Marc Abrams
Michael G. Andrea
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff alleges that defendant Oregon Department of Transportation ("ODOT") discrimination against her on the basis of her sex, retaliated against her, and created a hostile work environment. Defendant moved for dismissal of the hostile work environment claim. Defendant's motion is granted.

## FACTS

The following facts are taken from plaintiff's complaint.

Plaintiff was employed by defendant ODOT from July 3, 1985 to November 30, 2004. During her employment, plaintiff worked in Central Services and reported to Mike Marsh, the Executive Director. In June 1998, plaintiff began working in Safe Haven, an ODOT program that investigates ethics complaints.

In April 2002, Safe Haven began receiving complaints against Rudy Williams regarding his human resource management practices and his treatment of staff. Marsh asked plaintiff to conduct the initial investigation of Williams, and she conducted the investigation and presented a report to Marsh on June 10, 2003.

On September 22, 2003, plaintiff met with Marsh and Drummond Kahn from Internal Audits. Plaintiff was instructed that she needed to transfer out of Safe Haven. Plaintiff alleges that her position was offered subsequently to a male employee at a higher salary than she had received for the position.

On March 29, 2004, plaintiff called Blair Johnson, the chief of human resources, and asked him to review her application and cover letter to determine whether she met the minimum qualifications for an EEO position. According to plaintiff, the job announcement stated that the minimum qualifications were a bachelors degree "or a job related course of study determined by the appointing authority." Plaintiff requested review because she was only six credits away from her bachelors degree. Plaintiff states that Johnson told her to submit an application and that he would review it. Plaintiff sent her application to Johnson for review.

On April 1, 2004, plaintiff was placed on administrative leave, pending investigation of her conduct in the Williams investigation. Plaintiff objected to being placed on administrative leave because Williams was not placed on leave during his investigation. However, Marsh informed plaintiff that she would have to be placed on leave because an external complaint had been received regarding her conduct.

Plaintiff states that she met with Mark Anderson from the Oregon Department of Justice to learn about the allegations made against her. Plaintiff was told that she would receive a copy of the tape from that meeting, but she never received it.

On April 7, 2004, plaintiff received a call from Marsh, who informed her that no wrongdoing had been found in the investigation

3 - OPINION AND ORDER

and that no disciplinary action would be taken against plaintiff. Marsh instructed plaintiff to return to work the next day, and stated that he would provide plaintiff with a letter stating that no wrongdoing had been found and no discipline would come from the investigation. Plaintiff has not yet received that letter.

On April 9, 2004, plaintiff received a telephone call from Johnson stating that she was not one of the semifinalists for the EEO position.

On April 21, 2004, Johnson told plaintiff that none of the four semi-finalists had been chosen for the position, and that she would have been a contender for the position. When plaintiff asked Johnson why she had not qualified for an interview, Johnson told her that he had not reviewed her application. Plaintiff alleges that she reminded Johnson that she had requested review of her application prior to the closing of the announcement.

According to plaintiff, the EEO position was reclassified at a higher level and given to a male employee who had not applied for the position when it was open.

## DISCUSSION

Defendant argues that plaintiff's hostile work environment claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). I find that plaintiff's complaint fails to state a claim for a hostile work environment.

To assert a Title VII claim based on a hostile work

environment, a plaintiff must allege a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir.1998) (citing Meritor Sav. Bank v. Vinson, 477 U.S. 57, 66-67 (1986)). "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted).

In this case, plaintiff has failed to provide any basis for a hostile work environment claim. Plaintiff alleges that she was retaliated against after she investigated Williams's conduct and Williams filed a complaint against her. As evidence of retaliation, she alleges that she was transferred out of her position, her position was given to a male employee who received higher pay than she had received in that position, she did not receive the review she had requested so that she would be eligible for an EEO position, and the EEO position was eventually given to a male employee who had not applied for the position.

While a hostile environment claim does not require that the "behavior be either 'of a sexual nature' or motivated by 'sexual animus,'" plaintiff makes no allegation that she was subjected to ongoing and harassing conduct. E.E.O.C. v. National Educ. Ass'n,

5 - OPINION AND ORDER

Alaska, 422 F.3d 840, 845 (9th Cir. 2005). Thus, further discover will not enable plaintiff to demonstrate that she was subjected to unwelcome conduct that was sufficiently severe or pervasive to create an abusive work environment.

## CONCLUSION

For the reasons given above, defendant's motion to dismiss plaintiff's hostile work environment claim (doc. 4) is GRANTED. IT IS SO ORDERED.

Dated this __6__ day of December, 2005.

```
         /s/ Ann Aiken
         Ann Aiken
    United States District Judge
```